UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA LANGFORD HIRSCH,

        Plaintiff,

v.                                       Case No. 3:05-cv-730-J-20TEM

NORMAN WOLFINGER, STATE ATTORNEY,
et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding pro se and in forma pauperis, initiated this cause of action by filing a Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 on July 28, 2005. Plaintiff names the following Defendants in this action: (1) State Attorney Norman Wolfinger; (2) Assistant State Attorney Russell K. Bausch; (3) Holmes Regional Hospital in Melbourne, Florida; and, (4) Channel Nine - Fox Corporation. Plaintiff claims the Defendants deprived her of her right to privacy, as guaranteed by the United States Constitution and the Florida Constitution, when they disclosed her medical records. She also claims that the Defendants violated several state statutes by disclosing this information.

As an initial matter, the Court notes that this case is due to be dismissed because Plaintiff failed to sign the Complaint as required by Fed. R. Civ. P. 11 and Local Rule 1.05(d). Furthermore, upon review of the Complaint, it is clear this case is due to be dismissed as frivolous.

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474

>U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); <u>Burch v. Apalachee Community Mental Health Services, Inc.</u>, 840 F.2d 797, 800 (11th Cir. 1988), <u>aff'd</u> <u>by</u>, <u>Zinermon v. Burch</u>, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579 (11th Cir. 1995).

In this case, Plaintiff names Holmes Regional Hospital and Channel Nine (Fox Corporation) as Defendants. Clearly these private entities do not act under color of state law. Thus, Plaintiff has failed to state a claim under § 1983 against these two Defendants.

Plaintiff also fails to state a claim upon which relief may be granted against State Attorney Norman Wolfinger and Assistant State Attorney Russell K. Bausch. From a review of the exhibits appended to the Complaint, it is clear that Assistant State Attorney Russell K. Bausch sought and disclosed the medical records in question in an attempt to prove that Plaintiff had violated the conditions of her bond by being intoxicated. "Prosecutors are . . . entitled to absolute immunity from damages for acts or omissions associated with the judicial process[.]" <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976); <u>Jones v. Cannon</u>, 174 F.3d 1271, 1281 (11th Cir. 1999); and, <u>Fullman v. Graddick</u>, 739 F.2d 553, 558-59 (11th Cir. 1984)); <u>see</u>

also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993)). Clearly, State Attorney Norman Wolfinger and Assistant State Attorney Russell K. Bausch are entitled to absolute immunity in this case.

Since Plaintiff has failed to allege a cognizable federal claim against any of the Defendants, the Court will decline to exercise its supplemental jurisdiction over Plaintiff's claims that arise under state law. Thus, for all of the above-stated reasons, this case will be dismissed without prejudice.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _9th_ day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 8/9
c:
Patricia Langford Hirsch